## Carl Alexander v. The State.

No. 3748.   Decided October 27, 1915.

Rehearing denied November 17, 1915.

**1.—Local Option—Bills of Exception—Statement of Facts.**

In County Court cases, the time for filing bills of exception and statement of facts is limited to twenty days after adjournment of court, and this must be predicated upon an order of the court.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, sustained the conviction, there was no error on that ground.

**3.—Same—Law in Force—Reversible Error.**

A conviction for a violation of the local option law can not be had unless it is shown that such law is in force in the territory of the prosecution, and where the statement of facts did not show this, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Kaufman.   Tried below before the Hon. James A. Cooley.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Chas. Ashworth*, for appellant.—On question of the insufficiency of the evidence: Daffin v. State, 11 Texas Crim. App., 76; Brownlee v. State, 48 Texas Crim. Rep., 408; Short v. State, 49 id., 244.

*C. C. McDonald*, Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted for violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

There is a bill of exceptions in the record to the refusal of the court to permit the prosecuting witness, Evans, to answer the following question: "Did you not have a fight with the defendant that same night after the party at the place where you say the liquor was sold?" He would have, had he been permitted to do so, testified he had such a fight. Appellant contends this was relevant to show motive with which the witness was testifying against appellant. The bill of exceptions can not be considered because it was filed twenty-two days after court adjourned. In County Court cases the time for filing bills of exception and statement of facts is limited by statute, as construed by this court, to twenty days after adjournment of court, and this must be predicated upon order of court. This bill, therefore, can not be considered.

It is contended the evidence is not sufficient. That is sharply an issue. That for the State would justify the conviction, and that for the defendant would show that he did not sell whisky, but got it from another party for the benefit of the people who wanted the whisky,

and that he acted as their agent in securing the whisky and not as a seller. The jury had the right to solve that question and believe the State's witnesses. On that ground this court would not be justified in disturbing the verdict of the jury.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### November 17, 1915.

DAVIDSON, JUDGE.—On a previous day of this term the judgment herein was affirmed, without considering the bills of exception, they being filed too late. The other ground presented on original submission was want of sufficient evidence to show the alleged sale of intoxicating liquors in local option territory. On motion for rehearing a new proposition is presented, towit: that the statement of facts does not show that local option was in effect in Kaufman County. This for the first time is called to our attention, and not noticed in the original opinion. An inspection of the evidence discloses that this position is well taken. The evidence does not show that local option was in effect in Kaufman County. A conviction for violation of the local option law can not be had until after the adoption of that law by the people in the given territory, and this must be shown by the statement of facts. For this reason the affirmance will be set aside, the rehearing granted, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*